Royal Factories, Inc., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Balbino Garcia, Respondents.

Argued September 11, 1978, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Michael P. McKenna,* with him *Marcy B. Tanker,* and *John F. McElvenny,* for appellant.

*David Freeman,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., October 17, 1978:

This workmen's compensation case is on appeal to this Court for the second time. As recognized by the Workmen's Compensation Appeal Board (Board), it is "an unusual case procedurally." Abbreviating the procedural history, all parties appealed the original decision of the referee reducing the amount of compensation payable under an agreement from $51.40 to $45 a week. In addition, the employer petitioned the

Board for a rehearing alleging that claimant had returned to work. The Board dismissed claimant's appeal, denied the petition for a rehearing, but modified the referee's award to $12.82 a week. Claimant did not appeal but the employer did, first to the common pleas court and then to this Court assigning as error the Board's denial of the petition for rehearing to afford it an opportunity to show that claimant had returned to work. This Court sustained the appeal, reversing the order of the lower court which had overruled the Board's order, and remanded the record to the Board with instruction that the requested rehearing be granted. On remand, the Board referred the matter to a referee to "take additional testimony . . . as directed by the Commonwealth Court, and to redetermine the statutory amount due based upon the Claimant's return to work as shown by the additional evidence on the question of earning power."

The referee fixed a hearing date and counsel for both parties appeared. Counsel for the employer requested that the petition for rehearing be marked "Withdrawn of Record." The referee allowed the withdrawal. The referee held that "[t]he effect of Defendant's Withdrawal of the Petition for Rehearing shall be deemed to restore the Decision of the Workmen's Compensation Board, dated September 16, 1971, to full force and effect with respect to the unappealed award to Claimant of partial disability compensation in the amount of $12.82 a week."[1] The claimant appealed to the Board which set aside the referee's determination and ordered the matter back to the referee to be heard *de novo*.

---

[1] The referee appropriately noted that he was not making any determination with respect to the claimant's right to file an appropriate petition to prove a change in his status as determined in the previous decision of the Board from which the claimant had not appealed.

We agree with the Board that after this Court has ordered the Board to grant the requested rehearing and the Board has ordered the rehearing, it is too late for the referee to grant the employer the right to withdraw its request for a rehearing.

Accordingly, we will enter the following

ORDER

AND Now, October 17, 1978, the decision of the Workmen's Compensation Appeal Board at No. A-71717, dated June 30, 1977 is modified as follows. It is ordered that the record be remanded to the Board for it to carry out its order of July 17, 1975 which provided that

In accordance with the Opinion of Judge BLATT of the Commonwealth Court, this matter is referred back to Referee Irvin Stander, District No. 1, since the Appeal Board is not equipped with the personnel to take testimony at hearings, in order that the Referee may take additional testimony, as directed by the Commonwealth Court, and to re-determine the statutory amount due based upon the Claimant's return to work as shown by the additional evidence on the question of earning power.